# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:23-CR-152(1) |
| vs. | : | |
| FAISAL M. DAROD, | | JUDGE SARAH D. MORRISON |
| Defendant. | : | |
| | : | |

## DEFENDANT'S SUPPLEMENT TO MOTION TO WITHDRAW GUILTY PLEA

Now comes Defendant and herby supplements his motion to this Court, pursuant to Fed. Crim. R. 11(d)(2)(B), to withdraw his guilty plea entered on October 23, 2023.

Criminal Rule 11(d)(2)(B) provides that a defendant may withdraw a plea of guilty prior to sentencing if the defendant can show a fair and just reason for requesting the withdrawal. The movant bears the burden "to demonstrate that proper grounds exist for the granting of" a motion to withdraw a plea. *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007) (citing *United States v. Triplett*, 828 F.2d 1195, 97 (6th Cir. 1987)).

The Court considers the following factors in determining whether the movant can provide a fair and just reason in accordance with Rule 11:

> (1) The amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998) (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)). "The factors listed are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

As to the first factor, the time lapse between the plea and moving to withdraw the plea, Darod entered his guilty plea on October 23, 2023 (Doc. #53.) On October 27, 2023, Darod informed his counsel that he wished to withdraw his plea, and requested that a motion be filed with the Court to accomplish this. Darod's attorney urged him to think about it for a while before deciding whether withdrawing the guilty plea was in Darod's best interest. Several days later, Darod called his attorney, again requesting that a motion be filed to withdraw the guilty plea. The attorney indicated that he felt it would be a conflict for him to file such a motion, after making an agreement with the Government to enter the guilty plea. Darod began looking for another attorney. On November 26, 2023, Darod met with a new attorney to discuss his desire to withdraw his guilty plea. Four additional meetings took place with that lawyer, the last one on December 28, 2023. Still, no motion had been filed. Finally, unable to find a lawyer to file his motion, Darod penned his letter to the Court. The Court received the Letter that the Court interpreted as a *pro se* Motion to Withdraw Plea of Guilty on January 18, 2024 (Doc. #66.) Thus, 88 days elapsed between his guilty plea and his Letter/Motion.

The second factor is the presence (or absence) of a valid reason for the failure to withdraw earlier in the proceedings. Darod drafted his Letter/Motion on January 8, 2024. He indicated that he wanted to withdraw his plea "the very next day" after entering the guilty plea, but his lawyer refused to file the motion to withdraw the plea. Darod fired his

counsel, and began searching for an attorney to file the requested motion. His efforts were hampered by the fact that he was incarcerated in the Franklin County Correctional Facility as a result of the Order of Detention Pending Trial (Doc. #14.) Finally, unable to retain counsel to do as he wished, Darod sent the January 8, 2024 Letter/Motion to the Court.

The third factor is whether the defendant has asserted or maintained his innocence. Darod has been charged with 3 counts of Aiding and Abetting Hobbs Act Robbery, in violation of U.S.C. §§ 1951(a) and 2(a); 4 counts of Aiding and Abetting the Use and Carrying of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2(a); and 2 counts of Aiding and Abetting Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and 2(a). Darod has indicated that, although he was present when Abdisamad Ismail (now-deceased co-defendant) committed armed robberies of several businesses and banks, he did not aid or abet Ismail in those crimes. On January 8, 2024, he wrote that "I want to withdraw my guilty plea because I'm not guilty of these charges" (Doc. #66.) He only entered his guilty plea on the advice of counsel. He was told that he had little chance of prevailing at trial, and that admitting his guilt would result in a much more favorable outcome.

The fourth factor is the circumstances underlying the entry of the guilty plea. Due to the injuries suffered by Columbus Police Department Officer A as a result of Ismail shooting him several times after the final robbery, the courtroom was full of law enforcement personnel. Officers had packed the courtroom for every hearing as a show of support for their injured colleague. Darod wanted to express to the Court that he felt pressured into taking this plea, but he was intimidated by the show of force, and fearful of

retaliation by the Government. Additionally, he was being held in the Franklin County Correctional Facility. The Corrections Officers there were aware of his charges as well as the harm caused to Officer A. The co-defendant who had actually caused the injuries had been killed during the event, leaving Darod the focus of their attention. Darod had a difficult time in the jail, and recognized that if he did not go through with the guilty plea, he would likely receive a less than warm welcome upon his return to the jail.

Factors five and six are related: the defendant's nature and background and his prior experience with the criminal justice system. Darod is 25 years old. He graduated from Columbus Alternative High School in 2016, after which he briefly attended Columbus State Community College.

As the Presentence Investigation Report indicates, Darod has no prior criminal convictions. His only experience with the criminal justice system was a pair of Petty Theft charges alleged to have happened in September, 2022 (both dismissed) (Doc. # 57.) He has no knowledge of how the criminal justice system works, especially the Federal system. He has never been exposed to the Federal Statutory Provisions or Guideline Calculations. He has no understanding of the application of Specific Offense Characteristics, or various Adjustments. Darod indicates that his lawyer "took advantage of the fact that I had no experience or knowledge of how the criminal justice system works" (Doc. # 66.)

The final factor for the Court to consider is the potential prejudice to the Government if the motion to withdraw is granted. There is no prejudice to the Government. Darod moved to withdraw his guilty plea before the final Presentence Investigation Report was filed and before a sentencing date was scheduled.

This is not a case in which Darod made a tactical decision to enter a plea, waited several weeks, and then filed for a withdrawal, believing that he made a bad choice in pleading guilty. Darod did not wish to enter the guilty plea, as he maintains that he is innocent. He felt pressure at the time of the guilty plea due to the presence of law enforcement, and his belief that he would face retaliation if he did not plead guilty. He had never been in that situation before. He had never entered a guilty plea in any criminal proceeding. He wanted the Court to know that he felt threatened, and that he was not acting with a completely free will, but was too intimidated. He informed his attorney that he wished to withdraw his guilty plea within a week of entering it. He asked his attorney to file a motion to withdraw before the initial Presentence Investigation Report was completed. He sought the advice and assistance of other legal counsel before he finally filed his *pro se* motion.

Considering the totality of the circumstances, it would be fair and just to allow Darod to withdraw his plea. Granting the motion would not prejudice the Government. Therefore, Defendant respectfully requests the Court allow him to withdraw his plea of guilty, as Fed. R. Crim. 11(d)(2)(B) is designed "to allow a hastily entered plea made with an unsure heart and confused mind to be undone." *United States v. Alexander*, 948 F.3d 1002, 1004 (6th Cir. 1991).

Respectfully submitted,


**/s/ Robert F. Krapenc**
ROBERT F. KRAPENC
Ohio Supreme Court No. 0040645
150 East Mound Street, Suite 310
Columbus, Ohio 43215
P: (614) 221-5252
F: (614) 224-7101
Bob@Krapenclaw.com
Counsel for Defendant


# CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing was duly served upon the Assistant United States Attorney, Office of the United States Attorney, by CM/ECF System on this 30th day of July, 2024.


/s/ Robert F.Krapenc
ROBERT F. KRAPENC  (0040645)
Attorney for Defendant